UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CASE NO. 4:22-CR-247-RWS-BD |
| § | |
| LATRAY DEMON WRIGHT (1) § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

On January 30, 2026, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 52. The Government was represented by Assistant United States Attorney Adrian Garcia. Defendant was represented by Sarah Jacobs.

### BACKGROUND

Latray Demon Wright ("Defendant") was sentenced on April 30, 2024, before the Honorable Sean D. Jordan of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of IV, was 30 to 37 months. Defendant was subsequently sentenced to 33 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, and a $100 special assessment. On June 27, 2025, Defendant completed his imprisonment and began service of his supervision term.

### PETITION TO REVOKE

In its Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 52), the Government alleges Defendant violated the following:

1

1) **Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.** Specifically, the Government alleges that, following a self-disclosure of attempted suicide, on October 26, 2025, Defendant was instructed to schedule an evaluation through Lakes Regional MHMR in Paris, Texas so an appropriate level of care could be determined, including whether he may benefit from prescribed mental health medication. He was previously prescribed Lexapro and Seroquel through Lakes Regional MHMR in Paris in approximately 2019 and reported the medication regimen was effective in alleviating his symptoms. Despite this history and the directive provided, Defendant failed to follow through with completing the required evaluation, and as a result, failed to participate in psychiatric, psychological, or mental health treatment. Defendant was instructed to participate in integrated treatment for dual disorders (substance abuse and mental health) treatment at New Focus, Paris, Texas. He failed to attend his scheduled mental health treatment sessions at New Focus Counseling, Paris, Texas on November 13, 20, and 24, 2025. On November 24, 2025, Defendant was unsuccessfully discharged from treatment due to excessive missed and/or no-showed appointments. As such, he failed to participate in the mental health treatment program

2) **Defendant must participate in a program of testing and treatment for substance abuse and follow the rules of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.** Specifically,

the Government alleges that Defendant was instructed to participate in integrated treatment for dual disorders (substance abuse and mental health) treatment at New Focus, Paris, Texas. Defendant failed to attend his scheduled substance abuse treatment sessions at New Focus Counseling, Paris, Texas on November 13, 20, and 24, 2025. On November 24, 2025, Defendant was unsuccessfully discharged from treatment due to excessive missed and/or no-showed appointments. As such, he failed to participate in the mental health treatment program. Defendant failed to report for drug testing at Texas and Oklahoma Occupational Medicine in Paris, Texas on October 24, November 7, December 5, and December 12, 2025, as part of the U.S. Probation Office's random drug testing program.

3) **Defendant must follow the instructions of the probation officer related to the conditions of supervision.** Specifically, the Government alleges that, on October 26, 2025, during a field visit at his place of employment in Paris, Texas, the probation officer instructed Defendant to schedule a mental health evaluation with Lakes Regional MHMR, Paris, Texas due to his recent suicidal disclosure, history of prescribed mental health medication, and ongoing concerns regarding his overall mental health. Defendant pushed back on the need for an evaluation or being prescribed mental health medication. He was advised this was a non-negotiable directive and instructed to schedule the MHMR evaluation by October 31, 2025. He failed to comply with this directive. Additionally, after the deadline passed, he was reinstructed to schedule the MHMR evaluation. He later reported he contacted MHMR and during the screening process told them he did not want services nor treatment, and as a result, the evaluation was never scheduled or completed. This information has not yet been verified. As of this writing, the U.S. Probation office has not been able to obtain confirmation from the provider, and no evaluation has been scheduled or completed with Lakes Regional MHMR.

4) **Defendant must refrain from any unlawful use of a controlled substance.** Specifically, the Government alleges that, on August 27, 2025, Defendant reported to the U.S. Probation Office in Plano, Texas and submitted a urine sample which tested positive for marijuana. He denied using marijuana. The specimen was subsequently confirmed positive by the national lab. Furthermore, the specimen was diluted. On October 13, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas which tested positive for marijuana. Upon questioning, he admitted to using marijuana prior to his attempt to take his own life. The specimen was subsequently confirmed positive by the national lab. Furthermore, the specimen was diluted. On November 18, 2025, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine (TOOMS) in Paris, Texas which tested positive for marijuana. The specimen was subsequently confirmed positive by the national lab. Additionally, a separate request was submitted to the lab to determine whether the November 18, 2025, positive result was residual or new use, and the lab determined it was new use.

5) **Defendant must answer truthfully the questions asked by his probation officer.** Specifically, the Government alleges that Defendant failed to submit a urine specimen at TOOMS, Paris, TX, on November 7, 2025. According to text messages sent by him on this date, he left because the process was taking too long. On November 18, 2025, when contacted to discuss this incident, Defendant advised he lost his job due to having to report for the random urine specimen. According to Defendant, he arrived late to work on November 7th because of the delay at the drug testing location and was subsequently terminated. However, follow-up with the store manager at his employment, CEFCO Convenience Store #1098, revealed Defendant was untruthful about reason for termination. The store manager advised Defendant was terminated due to multiple write-ups for the following: being on his phone while working the register, complaints from

customers of him smelling like marijuana on November 8th, and theft on November 15th. Additionally, on October 23, 2025, Defendant reported, during a telephone conversation, he was on a 30-day unpaid suspension with Campbell's Soup & Silgan Can Company, Paris, Texas for moving a phone charger believed to have been stolen. However, contact with this employer revealed Defendant was terminated on October 17, 2025, for theft of another employee's property and utilizing another employee's key card to badge in and out of areas in the warehouse. Defendant failed to answer truthfully the questions regarding his employment asked by the probation officer.

6) **Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where he works or anything about his work (such as his position or job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** Specifically, the Government alleges that, on September 22, 2025, Defendant secured employment with Campbell's Soup & Silgan Can Company. On October 17, 2025, Defendant was terminated for theft of another employee's property and utilizing another employee's key card to badge in and out of areas in the warehouse. Defendant failed to notify the U.S. Probation Office of his change in employment until October 23, 2025, where he disclosed, he was on a 30-day unpaid suspension. As such, he failed to notify the U.S. Probation Office of his change in employment in the manner required by his conditions of supervision.

      **7) If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.** Specifically, the Government alleges that, on September 4, 2025, the Reno Police Department in Reno, Texas responded to a call at an apartment complex regarding a narcotics violation. The Lamar County Sheriff's Office also assisted with this call. Officers were advised Defendant and another person were reported to be inside an apartment where they were not supposed to be, smoking marijuana, and posting a video on Facebook. Officers made contact with Defendant and the other individual in the parking lot, and both reported they were at the residence to clean out the tenant's belongings and had permission to be there. Officers confirmed by telephone they were allowed to be in the apartment, and no arrests were made. Defendant failed to report this law enforcement contact as required. Additionally, on November 15, 2025, the Paris Police Department trespassed Defendant from his former employer, CEFCO Convenience Store #1098, at the employer's request. Defendant failed to report this law enforcement contact as required.

## RECOMMENDATION

      The Court scheduled a final revocation hearing January 30, 2026. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the petition.

      Based upon Defendant's plea of true, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau

of Prisons to be imprisoned for a term of six (6) months, with a twelve (12) month term of supervised release to follow, subject to the following conditions.

      Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of his release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.

      While on supervised release, Defendant must not commit another federal, state, or local crime.

      Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the Court.

      Defendant must comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows.

      Defendant shall provide to the probation officer any requested financial information.

      Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

      Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

Based on the foregoing, it is

      **RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the petition be **ACCEPTED**. It is further

      **RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

      **RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with a twelve (12) month term of supervised release to follow, subject to the above-listed conditions.

      The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

      Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

      So ORDERED and SIGNED this 3rd day of February, 2026.

                                  Don Bush
                                  United States Magistrate Judge